# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DOUGLAS A. COPE,
Petitioner,

vs.

WARDEN, ROSS
CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:16-cv-868

Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Ross Correctional Institution, in Chillicothe, Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions in Butler County Case No. CR2008-10-1862 for two counts of kidnapping and one count of obstructing official business. (Doc. 4). This matter is now before the Court on the petition and respondent's motion to dismiss the petition. (Doc. 13). Petitioner has filed a response in opposition to respondent's motion to dismiss, in which he seeks an evidentiary hearing. (Doc. 14).[1]

For the reasons that follow, it is recommended that the motion to dismiss (Doc. 13) be **GRANTED** and that the petition (Doc. 4) be **DISMISSED** with prejudice, and that petitioner's request for an evidentiary hearing (*see* Doc. 14, at PageID 1863, 1865) be **DENIED**.

## I. PROCEDURAL HISTORY

### State Convictions and Sentence

On November 26, 2008, the Butler County, Ohio, grand jury returned a four-count indictment charging petitioner with one count of rape, in violation of Ohio Rev. Code § 2907.02(A)(2); two counts of kidnapping, in violation of Ohio Rev. Code § 2905.01(A)(3) and

---

[1] Petitioner has also filed a "Motion For Judicial Notice Of Continued 'Custody' Even After Release From Prison" (Motion for Judicial Notice). (Doc. 15). By separate order issued this date, the undersigned has granted in part and denied in part petitioner's Motion for Judicial Notice.

(A)(4), respectively; and one count of obstructing official business, in violation of Ohio Rev. Code § 2921.31. (Doc. 12, Ex. 1, at PageID 426-27). A jury found petitioner guilty on the kidnapping and obstruction of official business charges, but acquitted him of the rape charge. (*Id.*, Ex. 4, at PageID 442-43). Petitioner was sentenced to a total aggregate prison sentence of nine years in the Ohio Department of Corrections and classified as a Tier II Sex Offender. (*Id.*, Ex. 8, at PageID 466-67).

### Direct Criminal Appeal

Petitioner filed an appeal to the Ohio Court of Appeals on November 16, 2009. (*Id.*, Ex. 9, at PageID 468). On December 29, 2010, the Ohio Court of Appeals affirmed the trial court's judgment. (*Id.*, Ex. 17, at PageID 670-91). The Ohio Supreme Court declined jurisdiction on May 4, 2011. (*Id.*, Ex. 21, at PageID 777).

### Motion for a Finding of Justiciable Claim

On January 9, 2015, petitioner filed a "Motion For Finding Of Justiciable Claim And For Production Of Public Records Pursuant to [Ohio Rev. Code] § 149.43(B)(8)" (Motion for Finding of Justiciable Claim), seeking production of various alleged public records relating to his criminal convictions in order to "file a [Delayed] Post-Conviction Relief petition pursuant to [Ohio Rev. Code] §§ 2953.21 and 2953.23." (*Id.*, Ex. 22, at PageID 779). Among other things, petitioner sought witness statements, photographs of the victim, and recordings of telephone calls. (*Id.*, at PageID 778-79). On January 12, 2015, the trial court denied the motion. (*Id.*, at Ex. 23, at PageID 783-84). On September 28, 2015, the Ohio Court of Appeals affirmed the trial court's decision and on December 30, 2015, the Ohio Supreme Court declined jurisdiction. (*See* Doc. 12-1, Ex. 33, at PageID 876-82, & Ex. 36, at PageID 901).

### Post-Conviction Petition

On July 27, 2015, petitioner filed a delayed petition for post-conviction relief under Ohio Rev. Code § 2953.21, purporting to have new evidence establishing that "numerous" witnesses had refused to testify on his behalf at trial because of the "threat" by law enforcement of "having cocaine charges placed upon them." (*Id.*, Ex. 37, at PageID 902-03).

On December 9, 2015, the trial court denied the post-conviction petition. (*Id.*, Ex. 40, at PageID 943-49). The trial court found that the petition was "untimely, barred under the doctrine of res judicata, and contain[ed] no operative facts or evidence to support a claimed miscarriage of justice." (*Id.*, at PageID 948). On February 2, 2016, the Ohio Court of Appeals dismissed petitioner's untimely appeal and on June 15, 2016, the Ohio Supreme Court declined jurisdiction. (*Id.*, Ex. 42, at PageID 959, & Ex. 50, at PageID 1042).

## II. FEDERAL HABEAS PROCEEDINGS

Petitioner filed the instant habeas petition on August 17, 2016,[2] raising the following grounds for relief: (1) the state court's denial of his Motion for Finding of Justiciable Claim (Doc. 12, Ex. 22) allegedly violated state procedures for obtaining public records and due process and prevented him from obtaining newly discovered alibi evidence; (2) the state court's denial of his post-conviction petition (Doc. 12-1, Ex. 37) allegedly violated his rights under the Fifth, Sixth, and Fourteenth Amendments because the affidavits attached to the motion

---

[2]The petition was filed with the Court on September 7, 2016. (*See* Doc. 4). However, petitioner indicates that he placed the petition in the prison mailing system on August 17, 2016. (*See id.* at PageID 227). Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). It is presumed for purposes of respondent's motion to dismiss (Doc. 13) that the federal habeas corpus petition was "filed" on August 17, 2016, the date petitioner states that he placed it into the prison mailing system.

3

"establish[ed] an alibi"; and (3) the state allegedly intimidated defense witnesses and coerced jurors in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (Doc. 4, at PageID 217, 219-20).

Respondent has filed a motion to dismiss the petition on the basis that petitioner's claims are either non-cognizable in federal habeas corpus proceedings (Grounds One and Two) or are barred by the applicable one-year statute of limitations governing federal habeas actions by state prisoners, which is set forth in 28 U.S.C. § 2244(d) (Ground Three). (*See* Doc. 13, PageID 1852-1861). Petitioner has filed a response in opposition, in which he seeks an evidentiary hearing. (Doc. 14).

## III. THE MOTION TO DISMISS (DOC. 13) SHOULD BE GRANTED BECAUSE GROUNDS ONE AND TWO ARE NON-COGNIZEABLE ON FEDERAL HABEAS REVIEW AND GROUND THREE IS TIME-BARRED.

### Grounds One and Two Are Non-Cognizable on Federal Habeas Review

In Ground One of his federal habeas petition (*see* Doc. 4, at PageID 217), petitioner challenges the state court's denial of his Motion for Finding of Justiciable Claim (Doc. 12, Ex. 22). In Ground Two of the petition (*see* Doc. 4, at PageID 219), he challenges the state court's denial of his petition for post-conviction relief (Doc. 12-1, Ex. 37). However, the Sixth Circuit has held that alleged errors in post-conviction and collateral proceedings are non-cognizable in federal habeas corpus. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986). The Sixth Circuit explained in *Cress*:

> A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the *ultimate* goal in" a case alleging post-conviction error "is

4

> release from confinement, the result of habeas review of the specific issue[] . . . is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir. 2002) ("error committed during state post-conviction proceedings can not [sic] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir. 2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

484 F.3d at 853 (alterations in original). Rather, a petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See id.* at 247-48.

Because in Grounds One and Two, respectively, petitioner challenges the state court's denial of his Motion for Finding of Justiciable Claim and his petition for post-conviction relief, and not the underlying convictions themselves, Grounds One and Two are non-cognizable on federal habeas corpus review. *See Cress*, 484 F.3d at 853; *see also Kirby*, 794 F.2d at 247-48. Therefore, Grounds One and Two should be denied.[3]

**Ground Three Is Time-Barred.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus

---

[3] To the extent petitioner also asserts in Grounds One and Two that he is entitled to habeas corpus relief because his alibi renders him actually innocent, a freestanding claim of actual innocence is not cognizable on federal habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Actual innocence may only serve to excuse a procedural default. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1930-31 (2013). Moreover, to the extent that petitioner seeks to challenge his classification as a sex offender (*see* Doc. 14, at PageID 1864), the Sixth Circuit has held that claims challenging the constitutionality of a petitioner's classification as a sexual predator fail to present an issue appropriate for federal habeas corpus review. *See Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002).

within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral review.

### A. 28 U.S.C. § 2244(d)(1)(A)

Under § 2244(d)(1)(A), petitioner's convictions became final on August 2, 2011, upon expiration of the ninety-day period for seeking certiorari review of the Ohio Supreme Court's decision declining to exercise jurisdiction over his direct appeal. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). The statute commenced running on August 3, 2011, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on August 3, 2012, absent the application of statutory or equitable tolling principles.

During the one-year limitations period, petitioner was entitled to tolling of the statute under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v.*

6

*Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute-of-limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett,* 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6 (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 414, 417 (2005)); *Vroman,* 346 F.3d at 603.

Here, neither the January 9, 2015 Motion for Finding of Justiciable Claim (Doc. 12, Ex. 22) nor the July 27, 2015 delayed petition for post-conviction relief (Doc. 12-1, Ex. 37) tolled the limitations period because the limitations period had already expired (on August 3, 2012) by the time petitioner filed these documents. *See Vroman,* 346 F.3d at 602. In any event, even if these submissions had been filed within the limitations period, neither one would have had any tolling effect. Petitioner's motion for finding of justiciable claim did not challenge the underlying judgment of conviction and sentence and thus did not qualify as a petition for state post-conviction relief or other collateral review. *Cf. Johnson v. Randle,* 28 F. App'x 341, 343 (6th Cir. 2001) (holding that the petitioner's motion "for the production of documents and for a free

copy of the court record" did not amount to "a request for collateral review with respect to the pertinent judgment" for purposes of tolling the habeas statute of limitations under 28 U.S.C. § 2244(d)(2)); *see also Brown v. MaClaren*, No. 2:15-cv-12074, 2016 WL 1242435, at *3 (E.D. Mich. Mar. 30, 2016) (and cases cited therein) (holding that the habeas petitioner's "motion for the production of transcripts and documents does not qualify as an application for post-conviction or collateral review and does not toll the limitations period pursuant to 28 U.S.C. § 2244(d)(2)"). Petitioner's delayed petition for post-conviction relief was not timely filed and thus not properly filed. *See Allen*, 552 U.S. at 5-6; *Vroman*, 346 F.3d at 603.

### B. 28 U.S.C. § 2244(d)(1)(B), (D)

Although petitioner does not explicitly argue that his petition is timely under § 2244(d)(1)(B) or (D),[4] he does allege in his petition that he was prevented from discovering Ground Three "because the witnesses had been threatened with felony charges, and said witnesses did not speak until the statute of limitations had expired under O.R.C. § 2901.13 . . . being 6 years." (Doc. 4, PageID 220). Therefore, petitioner has arguably asserted that a state-created impediment prevented him from timely filing his petition, *see* § 2244(d)(1)(B), and that

---

[4] "[I]n applying the delayed commencement provisions set forth in § 2244(d)(1)(B)-(D), a court must apply a claim-by-claim approach." *Bauder v. Burt,* No. 2:10-cv-10217, 2012 WL 1309867, at *9 n.6 (E.D. Mich. Mar. 28, 2014) (and cases cited therein). Petitioner's allegations suggest, at most, that he was delayed in the discovery of Ground Three's witness-intimidation claim—not Ground Three's juror-coercion claim. Rather, this latter claim, which is supported by an affidavit from Pamela Breeze (petitioner's mother) (*see* Doc. 12-1, Ex. 37, at PageID 914), appears to have been available to petitioner at the close of direct review and thus is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). In her affidavit, Breeze states that she saw the assistant prosecutor leaving the jury deliberation room on the last day of trial. (*See* Doc. 12-1, Ex. 37, at PageID 914). Although she does not state when she told petitioner that she saw the assistant prosecutor leaving the jury deliberation room on the last day of trial, nothing in the affidavit suggests that Breeze was in any way prevented from disclosing what she saw to petitioner. (*See id.*). Moreover, even if petitioner could show that he was delayed in the discovery of his jury-coercion claim, that claim is still time-barred for the reasons that his witness-intimidation claim is time-barred. *See infra.*

8

the facts supporting Ground Three's witness-intimidation claim could not have been discovered through the exercise of due diligence before his convictions became final, *see* § 2244(d)(1)(D).[5]

To take advantage of § 2244(d)(1)(B), petitioner must demonstrate a causal relationship between the alleged state-created impediment and his failure to file his federal habeas petition. *Cf. Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003). To take advantage of § 2244(d)(1)(D), petitioner must demonstrate "that he has exercised due diligence in his search for the factual predicate of his claim." *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002) (citing *Lott v. Coyle*, 261 F.3d 594, 605-06 (6th Cir. 2001)). The Court, however, need not decide whether petitioner is entitled to a delayed limitations starting date under § 2244(d)(1)(B) or (d)(1)(D) since petitioner's federal habeas petition would be untimely even if he were given the benefit of a later limitations starting date pursuant to § 2244(d)(1)(B) or (D).

Under either § 2244(d)(1)(B) or (D), the statute of limitations began to run, at the latest, in December 2014, when petitioner alleges he became aware that "[n]umerous persons were threatened at the time before the trial of Petitioner, to not testify on [his] behalf" or risk being charged with drug offenses. (Doc. 12-1, Ex. 37, at PageID 902).[6] Petitioner, by his own admission, was aware of the factual predicate for his witness intimidation claim at least by December 2014 and that any alleged state-created impediment to bringing the claim had been removed by that time. The statute of limitations would have continued to run uninterrupted from

---

[5] There is no evidence in the record to suggest that § 2244(d)(1)(C) applies. Petitioner has not alleged that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.

[6] In his petition to vacate or set aside judgment of conviction or sentence, which was filed on July 27, 2015, petitioner states he "did not even become aware of their testimonies, until recently within the past approximately 8 ½ months" when the witnesses began "coming forward to Petitioner Cope's family, and to Cope personally with new revelations. . . ." (Doc. 12-1, Ex. 37 at PAGEID 903). Petitioner alleges "these persons were afraid to even mention [the revelations] until they were assured that the statute of limitations had expired for a potential felony such as cocaine possession being at 'six years' pursuant to O.R.C. § 2901.13(A)(1)(a)." (*Id.*).

December 2014, expiring a year later in December 2015, approximately eight months before petitioner filed his habeas petition. *See supra* note 2.

As set forth above, petitioner's delayed post-conviction petition did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2) because the state court rejected the petition as untimely and thus it was not properly filed. *See Allen*, 552 U.S. at 5-6; *Vroman*, 346 F.3d at 603. His motion for justiciable claim, which sought the production of documents, also did not toll the limitations period because it was not an application for state-post-conviction relief or other collateral review. *Cf. Johnson*, 28 F. App'x at 343; *Brown*, 2016 WL 1242435, at *3. Therefore, even giving petitioner the benefit of the later commencement of the statute of limitations under § 2241(d)(1)(B) or (D), his habeas petition would be untimely.

### Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently"; and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace*, 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at

750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. Here, petitioner's claim that the jury was coerced was available to him by the close of direct review (*see supra* note 4), and his witness-intimidation claim was available to him at least by December 2014, when he discovered the factual predicate for that claim. Petitioner, however, waited over five years after the close of direct review (*see* Doc. 12, Ex. 21, at PageID 777), and over one and one-half years after he discovered the factual predicate for his witness-intimidation claim (*see* Doc. 12-1, Ex. 37, at PageID 902-03), to file his federal habeas petition (*see* Doc. 4).

Petitioner provides no basis to excuse the untimely filing of his petition. Rather, he contends that his habeas petition, which was filed on August 17, 2016 (*see supra* note 2), was timely because it was filed within one year of the Ohio Supreme Court's December 30, 2015 decision declining to exercise jurisdiction over his appeal from his Motion for Finding of Justiciable Claim (*see* Doc. 12-1, Ex. 36) and the court's June 15, 2016 decision declining to exercise jurisdiction over his post-conviction appeal (*see id.,* Ex. 50). (*See* Doc. 14, at PageID 1865). However, as set forth above, neither petitioner's Motion for Finding of Justiciable Claim nor his delayed state post-conviction petition tolled the statute of limitations and his pro se status and lack of knowledge of the law do not excuse his delay. *See Santiago v. Hurley,* No. 2:05-cv-

11

560, 2006 WL 3196295, at *5-6 (S.D. Ohio Nov. 2, 2006) (and cases cited therein) (explaining that a petitioner's pro se status and lack of knowledge of the law are not grounds for equitable tolling). The record contains no compelling explanation for petitioner's lack of diligence since the claims in Ground Three had been known to petitioner at least since December 2014, when he became aware of the factual predicate for those claims. (*See id.*, Ex. 37).

Petitioner also has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)). No such showing has been made in this case. Petitioner purports to present "new" alibi evidence consisting of affidavits from family members and friends stating that they saw petitioner and the victim together during the time in question and that the victim did not appear to be fearful of petitioner. (*See* Doc. 14, at PageID 1864; Doc. 12-1, Ex. 37, at PageID 910-13, 915, 918). Affidavits from family members and friends generally are not sufficiently reliable to establish a finding of actual innocence under *Schlup*. *See, e.g.*, *Kalak v. Berghuis*, No. 2:11-cv-12476, 2015 WL 2169785, at *8 (E.D. Mich. May 8, 2015) (finding that the affidavit submitted by a petitioner's brother was suspect) (citing *Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 530-31 (11th Cir. 2009) (holding that the "threshold showing of actual innocence" was not met by affidavits, found to be unreliable, that were submitted by the petitioner's friends and family members several years after the petitioner's trial)). Moreover, the affidavits are cumulative of similar testimony that the jury heard at trial but evidently found unpersuasive.

12

(*See* Doc. 12, Ex. 17, Page ID 678-79).[7] "Issues of credibility are properly for the jury." *United States v. Jones*, 124 F.3d 781, 784 (6th Cir. 1997).

Petitioner has failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

## IV. EVIDENTIARY HEARING

To the extent petitioner requests an evidentiary hearing on issues that were not adjudicated on the merits and were not factually developed in the underlying state-court proceedings, he has not demonstrated that an evidentiary hearing is warranted in this case.

In order to obtain an evidentiary hearing in such circumstances, petitioner must demonstrate that (1) "he attempted to develop the factual basis for his claims in state court with the requisite diligence"; or (2) he satisfied the standards set forth in 28 U.S.C. § 2254(e)(2) by showing that a new constitutional rule applies to his claims for relief or that the factual predicate of such claims was previously undiscoverable through the exercise of due diligence. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464-65 (6th Cir. 2012) (citing *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 & 1400 n.4 (2011)); *Couch v. Booker*, 632 F.3d 241, 245 (6th Cir. 2011)); *see also Robinson v. Howes*, 663 F.3d 819, 823-24 (6th Cir. 2011). "Diligence for purposes of § 2254(e)(2) depends on 'whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in the state court.'"

---

[7] The state appellate court's factual findings "shall be presumed correct," and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). In his opposition to respondent's motion to dismiss, petitioner asserts that he "has called all relevant factual findings by the State into question, when he presented several affidavits of persons coerced not to testify." (Doc. 14, at PageID 1863). Petitioner has not rebutted the presumption of correctness attributed to the state appellate court's findings. As stated above, the affidavits he relies on are of questionable reliability. *See, e.g., Kalak*, 2015 WL 2169785, at *8. Further, nothing in the affidavits establishes that the state appellate court misstated in its Opinion the testimony of the witnesses who testified on petitioner's behalf. The state appellate court's findings thus are presumed correct. *See* 28 U.S.C. § 2254(e)(1).

*Robinson*, 663 F.3d at 824 (quoting *McAdoo v. Elo*, 365 F.3d 487, 500 (6th Cir. 2004)).

Petitioner presented the same factual basis for Ground Three of his federal habeas petition to the state court in support of his petition for post-conviction relief, in which he requested an evidentiary hearing. (*See* Doc. 12-1, Ex. 37, at PageID 902). The state court denied the post-conviction petition without an evidentiary hearing, pursuant to *State v. Calhoun*, 714 N.E.2d 905 (Ohio 1999), after finding that the petition "contain[ed] no operative facts or evidence to support a claimed miscarriage of justice." (*Id.*, Ex. 40, at PageID 948). By requesting an evidentiary hearing on his petition for post-conviction relief, petitioner "arguably exercised due diligence [under § 2254(e)(2)] in attempting to further develop the factual bases for his claim in the state courts." *Freeman v. Trombley*, 483 F. App'x 51, 66 (6th Cir. 2012); *see also Williams v. Taylor*, 529 U.S. 420, 437 (2000) ("Diligence [under § 2254(e)(2)] will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law.").[8]

However, "[e]ven if § 2254(e)(2) does not disqualify Petitioner from receiving an evidentiary hearing, 'the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one.'" *Schwieterman v. Smith*, No. 3:11-cv-1203, 2016 WL 9441105, at *12 (N.D. Ohio May 10, 2016) (Report & Recommendation) (quoting *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)) (alterations in original), *adopted*, 2017 WL 3283971 (N.D. Ohio Aug. 2, 2017), *appeal filed*, No. 17-3895 (6th Cir. Aug. 30, 2017). "In deciding whether to grant an evidentiary hearing, a federal court considers whether a

---

[8] For the reasons set forth above, the Court need not determine whether petitioner was diligent in searching for the factual predicate of his claims in Ground Three, *see* 28 U.S.C. § 2254(d)(1)(D), because Petitioner's federal habeas petition would be untimely even if he were given the benefit of a later limitations starting date.

hearing would enable the applicant 'to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Plummer v. Jackson*, 491 F. App'x 671, 675 (6th Cir. 2012) (quoting *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011) (footnote omitted)).

Petitioner's federal habeas claims are either non-cognizable on federal habeas review or time-barred. Therefore, an evidentiary hearing on the substantive claims in petitioner's petition would serve no purpose. To the extent that plaintiff seeks an evidentiary hearing to establish equitable tolling on the basis of his alleged actual innocence, such a hearing is also not warranted. Based on petitioner's alleged new alibi evidence, set forth above, petitioner has not shown that "an evidentiary hearing could realistically be expected to enhance the existing insufficient showing of his actual innocence." *Freeman*, 483 F. App'x at 67.

Accordingly, the undersigned concludes that Grounds One and Two of petitioner's federal habeas corpus petition are non-cognizable on federal habeas review and that Ground Three is time-barred. Therefore, the motion to dismiss (Doc. 13) should be **GRANTED** and the petition for a writ of habeas corpus (Doc. 4) should be **DISMISSED** with prejudice. Further, petitioner's request for an evidentiary hearing (Doc. 14) should be **DENIED**.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 13) be **GRANTED** and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED** with prejudice.

2. Petitioner's request for an evidentiary hearing (Doc. 14) be **DENIED.**

3. A certificate of appealability should not issue with respect to any of petitioner's time-barred claims because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable

whether the Court is correct in its procedural ruling that such claims are subject to dismissal on statute of limitations grounds.[9] Moreover, a certificate of appealability should not issue with respect to Grounds One and Two of the petition because petitioner has not stated a "viable claim of the denial of a constitutional right" or presented issues that are "adequate to deserve encouragement to proceed further." *See Slack*, 529 U.S. at 475 (*citing Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

10/2/17
Date

Karen L. Litkovitz
United States Magistrate Judge

---

[9] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DOUGLAS A. COPE,
Petitioner,

vs.

WARDEN, ROSS CORRECTIONAL INSTITUTION,
Respondent.

Case No. 1:16-cv-868

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).